# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

FILED

**CARL DEMETRIUS MITCHELL,**          )
                                      )
                   Petitioner,        )
                                      )
v.                                    )    **Case No. CIV 09-308-RAW-KEW**
                                      )
**BRUCE HOWARD, Warden,**             )
                                      )
                   Respondent.        )

SEP - 9 2010

WILLIAM G. GUTHRIE
Clerk, U.S. District Court
By _____
        Deputy Clerk

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Howard McLeod Correctional Center in Atoka, Oklahoma, is challenging his loss of earned credits resulting from a disciplinary proceeding.

Petitioner alleges that while incarcerated at Jackie Brannon Correctional Center in McAlester, Oklahoma, he was issued a disciplinary report for the offense of being present in an unauthorized area. He claims the prison law librarian accused him of going to the prison canteen instead of returning to his assigned housing unit and checking in from work. He further contends the law librarian failed to verify her accusation that he failed to sign in before proceeding to the canteen, and the disciplinary investigator did not conduct an unbiased investigation. Petitioner was found guilty of the misconduct by a visiting disciplinary hearing officer who allegedly failed to substantiate the staff member's statement. He complains he was denied due process, because the evidence did not support the misconduct charge, and exculpatory evidence refuting the misconduct was not presented.

The respondent has filed a motion to dismiss, alleging petitioner is procedurally barred from federal habeas corpus relief. The record shows that on August 8, 2008, prison staff found petitioner at the canteen, when he was supposed to be in his assigned housing unit checking in from his prison job. He received a disciplinary report on August 12, 2008, for being Present in an Unauthorized Area. After investigation, a disciplinary hearing was held on August 14, 2008, with petitioner present. He was found guilty and punishment was imposed. The disciplinary proceedings were affirmed by the facility head on August 18, 2008, and the DOC Director denied petitioner's appeal on October 1, 2008. On January 9, 2009, petitioner filed a petition for judicial review in the Oklahoma County District Court which was filed on March 6, 2009. His appeal to the Oklahoma Court of Criminal Appeals, filed on April 21, 2009, was dismissed as untimely. *Mitchell v. Okla. Dep't of Corr.*, No. REC-2009-367 (Okla. Crim. App. May 22, 2009).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, the Oklahoma Court of Criminal Appeals dismissed petitioner's appeal for his failure to file it in accordance with the State's procedural rules. *See* Okla. Stat. tit. 57, § 564.1(G); Rule 15.3(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2009). This is an independent and adequate state ground that bars federal habeas review. *See Coleman*, 501 U.S. at 750.

Petitioner's procedural default may be excused if he can "demonstrate cause for the

2

default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006) (quoting *Coleman*, 501 U.S. at 750). Because petitioner has failed to show cause for the default, the issue of prejudice need not be addressed. *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993). Regarding the fundamental miscarriage of justice exception, it "is a markedly narrow one, implicated only in 'extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent'" *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999)). The court finds petitioner has not made this showing.

**ACCORDINGLY,** the respondent's motion to dismiss [Docket #8] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this $\underline{9^{th}}$ day of September 2010.

**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**

3