# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

FILED

OCT 2 9 2010

WILLIAM G. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

CARL D. MITCHELL, )
 )
      Petitioner, )
 )
v. ) Case No. CIV 09-308-RAW-KEW
 )
BRUCE HOWARD, Warden, )
 )
      Respondent. )

## OPINION AND ORDER

Petitioner has filed a motion for reconsideration of the court's Opinion and Order dismissing his petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2241.

> The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." Instead, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b).

*Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). Petitioner has not specified whether he is seeking relief under Rule 59(e) or Rule 60(b), so the court will examine his motion under both rules.

In the order dismissing the petition, the court found petitioner's claims were procedurally barred, because the Oklahoma Court of Criminal Appeals (OCCA) had dismissed his appeal for failure to file the appeal in accordance with the State's procedural rules. [Docket #11 at 2]. The court further found petitioner had not demonstrated cause and prejudice for his procedural default, and he had not shown that failure to consider the claims would result in a fundamental miscarriage of justice. [Docket #11 at 2-3].

Petitioner alleges in his motion that "material facts . . . strongly support not only 'cause and actual prejudice,' resulting from an ominous violation of federal law, explicitly encompassing a 'fundamental miscarriage of justice,' but also [his] demonstrated claim of 'actual innocence.'" [Docket #13 at 1 (emphasis in original)]. Petitioner argues the court's dismissal of his claims as procedurally barred can be sustained only "if the failure to appeal was the result of some factor not external to actual circumstance or resulted from causation and 'fault of his own.'" [Docket #13 at 2 (emphasis in original)]. Actually, the law on procedural bar holds that "'cause' under the cause and prejudice test *must* be something external to the petitioner, something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis added). Nonetheless, petitioner asserts his petition raised a "straightforward challenge" of the state district court's procedural violation of the Rules of the Oklahoma Court of Criminal Appeals, because the state district Court Clerk allegedly failed to mail certified copies of the Journal Entry to the parties.

The record shows that after petitioner exhausted the administrative remedies for his claims, he filed a petition for judicial review in the Oklahoma County District Court. The state district court's order denying relief, dated March 4, 2009, was filed on March 6, 2009. *Mitchell v. Okla. Dep't of Corr.*, No. CJ-2009-173 (Okla. County Dist. Ct. March 6, 2009). He submitted his appeal to the OCCA on April 21, 2009, but the appeal was dismissed as untimely, because appeals must be filed within 30 days from the date the state district court's order is filed with the Clerk of the District Court. *Mitchell v. Okla. Dept. of Corr.* No. REC-2009-367, slip op. at 1 (Okla. Crim. App. May 22, 2009).

Petitioner has submitted with his motion copies of his two letters to the OCCA's Court Clerk. His March 23, 2009, letter advised that he had not received a certified copy of the

2

"required document," but he was sending his Notice of Intent to Appeal and his *In Forma Pauperis* Application [Docket #13 at 7]. Petitioner's second letter to the OCCA Court Clerk, dated April 18, 2009, apparently is a response to a letter from an OCCA Deputy Clerk, acknowledging receipt of petitioner's Petition in Error and Brief in Support. [Docket #13 at 9]. The second letter complains of the difficulty state prisoners face in meeting their court deadlines and expresses petitioner's hope that his appeal is not untimely. The letter also states that the Deputy Clerk had informed petitioner that his "unwarranted" Notice of Intent and *In Forma Pauperis* Affidavit would be retained, pending timely filing of the required documents. After consideration of the additional documents submitted by petitioner, the court finds the correspondence does not demonstrate petitioner was prevented from filing a timely appeal through no fault of his own, so he has not shown cause for his procedural default.

As for his claim of actual innocence, petitioner is claiming his misconduct conviction was based on a "bald allegation premised simply upon a staff member's observation of him at the prison canteen, . . . [when he] should have been on his unit checking in from work." [Docket #13 at 4]. The court disagrees that this is proof of his actual innocence, particularly in light of the standard of *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), which requires only that there be "some evidence" to support disciplinary sanctions within a correctional facility.

After careful review, the court finds petitioner has failed to show he is entitled to relief under either Rule 59(e) or Rule 60(b). "[A] motion will be considered under Rule 59(e), when it involves reconsideration of matters properly encompassed in a decision on the merits." *Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) (citations and internal

3

quotations omitted). "A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Id.* at 1324 (internal quotations omitted). "Rule 59(e) relief is appropriate only where 'the court has misapprehended the facts, a party's position, or the controlling law.'" *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Under this analysis, the court finds petitioner has failed to meet his burden.

Rule 60(b) allows relief from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P 60(b).

Here, the court finds petitioner has failed to set forth any grounds for relief under Rule 60(b). As discussed above, his challenge to the procedural bar of his habeas corpus claims and his assertion of actual innocence are unsupported and meritless.

**ACCORDINGLY,** petitioner's motion for reconsideration [Docket #13] is DENIED.

4

IT IS SO ORDERED this 29th day of October 2010.

*signature*

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**